B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS Lynn Keuthan, 3320 Hemlock Drive Falls Church, VA 22042 | DEFENDANTS Nickolas Ekonomides + Firm Glenn Keuthan Robert (Robbie) Wight Cameron White |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |

| PARTY (Check One Box Only) | PARTY (Check One Box Only) |
|---|---|
| ☑ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint pursuant to 11 U.S.C. §542 Turn over of Property to transfer assets of Debtor to Ch.13 Trustee for administration through bankruptcy case in accordance with Ch.13 Plan.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
- ☑ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(f) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 105,781.38 |

Other Relief Sought

**B1040 (FORM 1040) (12/24)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR *Lynn Keuthan* | BANKRUPTCY CASE NO. *25-11858-BFK* | | |
| DISTRICT IN WHICH CASE IS PENDING *Eastern District of Virginia* | DIVISION OFFICE *Alexandria* | | NAME OF JUDGE *Brian F. Kenney* |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *Lynn M. Keuthan* | | | |
| DATE *3/2/26* | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) *Lynn M. Keuthan* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LYNN KEUTHAN, | ) | Case No. 25-11858-BFK |
| | ) | Chapter 13 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| LYNN KEUTHAN, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| vs. | ) | Adversary No. 26-____-BFK |
| | ) | |
| NICKOLAS EKONOMIDES, | ) | |
| NICKOLAS EKONOMIDES, PA | ) | |
| GLENN KEUTHAN, | ) | |
| ROBERT (ROBBIE) WIGHT, and | ) | |
| CAMERON WHITE | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

### COMPLAINT

Debtor and Plaintiff, Lynn Keuthan, pursuant to 11 U.S.C. § 542 Turnover of Property, files this *Complaint* seeking to transfer assets of the Debtor to the Chapter 13 Trustee for administration through this

1

bankruptcy case in accordance with Debtor's Chapter 13 Plan and alleges the following in support of the requested relief:

## JURISDICTION AND VENUE

1. This is an adversary proceeding in which the Debtor/Plaintiff is seeking to transfer assets (funds) of the Debtor to the Chapter 13 Trustee for this bankruptcy case for administration through this bankruptcy case pursuant to Debtor's Chapter 13 Plan.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (E).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409(a).

5. The statutory predicate for the relief requested in this *Complaint* is 11 U.S.C. § 542.

## BACKGROUND FACTS

6. The Debtor is a beneficiary entitled to a $105,781.38 distribution from funds from the Dorothy Johnson Keuthan Revocable Living Trust Agreement.

7. The funds are sitting in an escrow account waiting to be

distributed to the Debtor (at the law firm of Mettler Randolph Massey Ferguson Carroll & Sterlacci, PL, where Robert (Robbie) Wight is an attorney).

8.     Debtor's former attorney, Nickolas Ekonomides, tried to place an invalid lien on the distribution by filing an invalid claim of lien in the underlying Trust and Estate cases, thereby holding up Debtor's distribution.

9.     Debtor's former attorney, Nickolas Ekonomides, was listed as a potential claimed creditor in this case and he filed a claim on behalf of his law firm in this bankruptcy case.

10.     An objection was filed to Nickolas Ekonomides' and his law firm's claim; the objection was sustained by this court and the claim was disallowed; however, Nickolas Ekonomides and his law firm still assert (invalidly) that they have a lien on Debtor's distribution of funds from the Dorothy Johnson Keuthan Revocable Living Trust Agreement, and, therefore, are listed as Defendants in this matter as having a potential interest in this matter. It is noted that Nickolas Ekonomides has stated, in writing, that there are "no applicable terms or provisions operating to restrain both voluntary and involuntary transfer," and, therefore, nothing to prevent the bankruptcy court from transferring these funds to the bankruptcy court.

3

11.    Glenn Keuthan, and his attorney, Robert (Robbie) Wight, have a potential interest in this matter, having an invalid and contested claim, and, so, are listed as Defendants.

12.    Cameron H.P. White has a potential interest in this matter, having an invalid and contested claim, and, so, is listed as a Defendant.

13.    The bankruptcy court has jurisdiction over all of Debtor's assets, and any and all potential claims.

14.    Therefore, the bankruptcy court has jurisdiction to transfer Debtor's assets to the bankruptcy court for administration.

15.    Therefore, Debtor's $105,781.38 of funds currently in escrow should be transferred to the Chapter 13 Trustee for administration through this bankruptcy case in accordance with Debtor's Chapter 13 Plan.

**COUNT I**
**Turnover of Property**
**11 U.S.C. § 542**

16.    Plaintiff re-alleges and incorporates herein the allegations set forth in paragraphs 1 through 15 as though set forth herein in full.

17.    The designated asset/funds are sitting in an escrow account waiting to be distributed to the Debtor.

18.    This bankruptcy court has jurisdiction over all of Debtor's assets and debts.

4

19.   Debtor has offered to make these funds from the Dorothy Johnson Keuthan Revocable Living Trust Agreement available to creditors through Debtor's proposed Chapter 13 Plan.

20.   The designated asset is a part of the funding for Debtor's bankruptcy case.

21.   No legal basis exists for not transferring this designated asset to the Chapter 13 Trustee for administration and funding of Debtor's bankruptcy case pursuant to Debtor's Chapter 13 Plan.

## **RELIEF REQUESTED**

WHEREFORE, the Debtor/Plaintiff respectfully requests that the Court enter an order for the transfer of the designated asset/funds of the Debtor to the Chapter 13 Trustee for administration through this bankruptcy case pursuant to Debtor's Chapter 13 Plan and requests such other and further relief consistent therewith as the Court deems appropriate.

Respectfully Submitted this __2nd_ day of __March_ , 2026,

/s/ Lynn Keuthan

Lynn M. Keuthan, 'pro-se'
3320 Hemlock Drive
Falls Church, VA 22042
(703) 944-5400

5

<u>Summons List:</u>
Nicklolas Ekonomides and
Nicklolas Ekonomides, PA
325 N. Belcher Road, Suite 1D
Clearwater, FL 33765

Glenn Keuthan
14761 SW 74th Lane
Miami, FL 33193

Robert (Robbie) Wight and
Glenn Keuthan c/o Robbie Wight
Mettler Randolph Massey
Ferguson Carroll & Sterlacci, PL
3^0 Royal Palm Way, Suite 100
Palm Beach, FL 33480

Cameron H.P. White
Law Office of Cameron H.P. White, PA
9100 Conroy-Windermere Road, Suite 200
Windermere, FL 34786