UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>LYNN MARIE KEUTHAN,<br><br>      Debtor. | Case No. 25-11858-BFK<br>Chapter 13 |
| LYNN KEUTHAN,<br><br>      Plaintiff,<br><br>v.<br><br>NICKOLAS EKONOMIDES,<br>NICKOLAS EKONOMIDES, PA<br>GLENN KEUTHAN,<br>ROBERT (ROBBIE) WIGHT, and<br>CAMERON WHITE,<br><br>      Defendants. | Adversary No. 26-01010-BFK |

**DEFENDANTS NICKOLAS EKONOMIDES AND
NICKOLAS C. EKONOMIDES, P.A.'S MOTION TO DISMISS
AND, IN THE ALTERNATIVE, TO ABSTAIN OR STAY PROCEEDINGS**

Defendants Nickolas Ekonomides and Nickolas C. Ekonomides, P.A. (collectively, the "Ekonomides Defendants"), by counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable by Federal Rule of Bankruptcy Procedure 7012, and 28 U.S.C. § 1334(c), respectfully move to dismiss the Complaint or, in the alternative, for abstention or a stay, and state as follows:

Page **1** of **7**

## I.    SUMMARY

This adversary proceeding improperly attempts to use 11 U.S.C. § 542 to resolve a disputed attorney charging lien governed by Florida law that is already the subject of an ongoing state court proceeding. This proceeding should be dismissed because:

1.    The Ekonomides Defendants do not possess or control the funds at issue,

2.    The funds are subject to a bona fide dispute including a pending state court determination of lien validity,

3.    A Florida court has already determined that Ekonomides, P.A. is entitled to fees and costs while expressly reserving ruling on lien validity, *see Exhibit "A"*, and

4.    Plaintiff improperly names Nickolas Ekonomides individually despite all alleged conduct having been undertaken through his professional association.

Because turnover cannot be used to adjudicate disputed property rights and because the controlling issues are already pending in state court, the Complaint should be dismissed or, at minimum, this proceeding should be stayed or subject to abstention.

## II.    PROCEDURAL BACKGROUND

The Complaint seeks turnover of approximately $105,781.38 allegedly

belonging to the bankruptcy estate. The Complaint further alleges that the funds are held in escrow by a third-party law firm, that the Ekonomides Defendants assert a lien on those funds, and that a prior proof of claim filed by the Ekonomides Defendants was disallowed.

In the separate relevant Florida probate proceeding, the court determined that Nickolas C. Ekonomides, P.A., is entitled to its fees and costs and expressly reserved ruling on the validity of the charging lien, which remains disputed and pending adjudication.

## III.   STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965-66 (2007). Courts are not required to accept legal conclusions or conclusory allegations unsupported by factual content. *Iqbal*, 129 S.Ct. at 1949.

## IV.   ARGUMENT

**1. The Complaint Fails To State A Claim For Turnover Under 11 U.S.C. § 542.**

Turnover applies only to entities that have possession, custody, or control of property of the estate. 11 U.S.C. § 542(a). The Complaint expressly acknowledges that the funds at issue are held in escrow by a separate law firm, not by the

Ekonomides Defendants. Accordingly, Plaintiff fails to allege a required element of a turnover claim. Courts within the Fourth Circuit recognize that turnover is improper where the defendant does not have "[p]resent possession, either actual or constructive, of the property or its identifiable proceeds". *See Hager v. Gibson*, 109 F.3d 201, 210 (4th Cir.1997).

In addition, turnover cannot be used to adjudicate disputed property rights. The Fourth Circuit has made clear that turnover applies only to property that is undisputedly property of the estate so that where there is a bona fide dispute as to ownership or entitlement, a turnover action is not appropriate. In *Re: Bay Vista of Virginia*, 2009 WL 903254, at *9-10 (E.D.Va. Bankr. Feb. 2, 2009); *see also In re Charter Co.*, 913 F.2d 1575, 1579 (11th Cir. 1990). Here, the validity of the charging lien is actively disputed and is the subject of an ongoing state court proceeding. This alone requires dismissal of the turnover claim.

The Florida state court order confirms the existence of a bona fide dispute. The court has determined that Ekonomides, P.A., is entitled to fees and costs while expressly reserving the issue of the validity of the charging lien. This establishes both a recognized underlying debt and an unresolved question of lien validity. Under these circumstances, the funds cannot be considered undisputed property of the estate subject to turnover.

Moreover, property subject to escrow and competing claims does not qualify

for turnover. Turnover applies only to property that is matured, payable, and not contingent or disputed. *See In re National Enters., Inc.*, 128 B.R. 956, 959 (E.D. Va. 1991). The funds at issue are held in escrow and subject to competing claims, including the unresolved charging lien, and therefore fall outside the scope of § 542.

**2.  The Court Should Abstain From Hearing This Action Or Stay The Action.**

Even if the Complaint were not dismissed, the Court should abstain from hearing this matter. Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), abstention is required where a proceeding is based on state law, is related to a bankruptcy case but does not arise under title 11, lacks an independent basis for federal jurisdiction, and can be timely adjudicated in state court. Each of these elements is satisfied here. The dispute centers on Florida charging lien law, is already pending before a state court, and can be fully resolved in that forum.

In addition, the court should abstain in the interest of justice, comity, and respect for state law under 28 U.S.C. § 1334(c)(1). The Fourth Circuit has recognized the importance of these principles in bankruptcy proceedings. *Barge v. Western Southern Life Ins. Co.*, 307 B.R. 541, 547 (N.D. W. Va. 2004). The issues presented here are governed entirely by Florida law, specifically attorney charging lien law, and are already the subject of an ongoing state court proceeding. Abstention would promote judicial economy and avoid the risk of inconsistent rulings.

Alternatively, the Court should stay this proceeding pending resolution of the state court action. Federal courts have inherent authority to stay proceedings to promote judicial economy and avoid duplicative litigation especially where the laws of another state determine the result. Great Am. Ins. Co. v. Gross, 468 F.3d 199, 208-09 (4th Cir. 2006). A stay would allow the Florida court to determine the validity of the charging lien, which will materially affect or resolve the issues presented here.

### 3. The Complaint Should Be Dismissed As To Nickolas Ekonomides Individually.

The Complaint also should be dismissed as to Nickolas Ekonomides individually. The allegations relate solely to actions taken in his capacity as an attorney for his professional association. The state court proceeding confirms that the claimant is Nickolas C. Ekonomides, P.A., not the individual. Under Florida law, a professional association is a separate legal entity with no individual liability for proper acts taken by its separate individuals. The Complaint contains allegations regarding actions taken to enforce the firm's rights to a charging lien where the state court already has determined that Ekonomides, P.A., is entitled to fees and costs while expressly reserving the issue of the validity of the charging lien. Accordingly, the individual defendant is improperly named and should be dismissed.

## V.   CONCLUSION

For these reasons, the Ekonomides Defendants respectfully request that the

Court dismiss the Complaint with prejudice as to them, or in the alternative abstain from hearing this matter pursuant to 28 U.S.C. § 1334(c), or stay this adversary proceeding pending resolution of the Florida state court action, and grant such other relief as the Court deems just and proper.

/s/Robert S. Brandt

Robert S. Brandt,
VSB#46196
600 Cameron Street
Alexandria, VA 22314
703-342-7330
brandt@brandtlawfirm.com
Counsel for NICKOLAS
EKONOMIDES, and
NICKOLAS EKONOMIDES, PA

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion to Dismiss and Motion to Abstain was served by filing this pleading using CM/ECF on this 3rd day of April, 2026, and by mailing a copy to Plaintiff at:

Lynn Marie Keuthan
Chapter 13 Debtor
3320 Hemlock Drive Falls
Church, VA 22042

/s/Robert S. Brandt